BRUCE A. HARLAND, Bar No. 230477
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: bharland@unioncounsel.net

Attorneys for Defendant,
SEIU, UNITED HEALTHCARE WORKERS-WEST

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GREG PRICE, , individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEIU, UNITED HEALTHCARE WORKERS-WEST, and DOES 1-10,<br><br>Defendant. | No. CaseNumber<br><br>**NOTICE OF REMOVAL** |

NOTICE OF REMOVAL
Case No. CaseNumber

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

**PLEASE TAKE NOTICE** that Defendant Service Employees International Union, United Healthcare Workers-West ("SEIU-UHW") hereby removes this action, currently pending in the Superior Court of the State of California, County of Fresno, to the United States District Court for the Eastern District of California, Fresno Division.  This Court has original/federal-question jurisdiction pursuant to 28 U.S.C. sections 1331 and 1441(a), (c).  SEIU-UHW further states as follows in support of removal:

### THE REMOVED CASE

1. On January 14, 2020, Plaintiff Greg Price, purportedly on behalf of himself and others similarly situated, commenced a civil action against SEIU-UHW in the Superior Court of the State of California in and for the County of Fresno, Case Number 20CECG00176 ("Complaint").

2. Plaintiff's Complaint alleges three causes of action: (1) violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. section 1693 et seq.; (2) violations of the California Automatic Purchase Renewal Statute ("CAPRS"), Cal. Bus. & Prof. Code section 17600, et seq.; and (3) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17600, et seq.  All of Plaintiff's claims are based on his contention that SEIU-UHW debited his bank account on a recurring basis without first obtaining written authorization, and without informing him of "price changes."  (Complaint, ¶ 2.)  The latter two causes of action are derivative of the first cause of action in that they seek penalties and other relief for SEIU-UHW's alleged failure to effectively communicate with Plaintiff regarding his recurring charges.

3. On February 25, 2020, Plaintiff emailed to SEIU-UHW's counsel the Complaint, a Notice and Acknowledgement of Receipt of Summons and Complaint, the Civil Cover Sheet, Notice of Assignment, and Notice of Case Management Conference.

4. SEIU-UHW is in possession of the following documents:

a) Exhibit A – Complaint, filed January 14, 2020

b) Exhibit B – SEIU-UHW's Notice and Acknowledgement of Receipt of Summons and Complaint, executed March 12, 2020

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

NOTICE OF REMOVAL
Case No. CaseNumber

    c)    Exhibit C – Notice of Case Management Conference and Assignment of Judge for All Purposes, filed January 15, 2020

    d)    Exhibit D – Civil Case Cover Sheet, filed January 15, 2020

The documents contained in Exhibits A through D constitute all process, pleadings, and orders served on SEIU-UHW in the State Court Action.

## REMOVAL IS APPROPRIATE AND TIMELY

5.    Removal is appropriate because this Court has original/federal-question jurisdiction pursuant to 28 U.S.C. sections 1331 and 1441(a).

6.    SEIU-UHW received the Notice and Acknowledgement of Receipt of Summons and Complaint on February 25, 2020, and signed it on March 12, 2020. Therefore, this Notice of Removal of Civil Action is filed within the time provided by 28 U.S.C section 1446(b), in that it was filed within 30 days from the date SEIU-UHW was in receipt of the pleading, "through service or otherwise," setting forth Plaintiffs' claim for relief arising under the Constitution or laws of the United States. See *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (holding that a defendant's statutory period to remove does not begin to run, and a defendant is not required to file for removal, until the defendant has been served).

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.    A state court civil action in which there are alleged claims for relief arising under the Constitution and laws of United States may be removed to the United States District Court, without regard to the amount controversy. 28 U.S.C. §§ 1331, 1441(a). This action is properly removed to this Court pursuant to 28 U.S.C. section 1441(a) in that it is a civil action brought under the EFTA, 15 U.S.C. sections 1693 et seq.

8.    This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this court is the proper District Court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

9.    This action arises in Fresno County. Thus, assignment in the Fresno Division would be appropriate. EDCA Local Rules, rule 120(d).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
NOTICE OF REMOVAL
Case No. CaseNumber

**FEDERAL QUESTION JURISDICTION**

10.     While SEIU-UHW denies all of the allegations in the Complaint, this Court nevertheless has original jurisdiction, pursuant to 28 U.S.C. section 1331, over Plaintiff's first cause of action.  It is irrefutable from the face of the Complaint that this cause of action was brought under the EFTA, 15 U.S.C. section 1693e(a), and it's implementing regulations. (Complaint, ¶ 1-2, 23, 48-53.)  Removal of this cause of action is therefore appropriate under 28 U.S.C. section 1441(a).

**SUPPLEMENTAL JURISDICTION**

11.     As stated above, Plaintiff's second and third causes of action are derivative of his first cause of action, and are therefore likewise subject to this Court's original/federal question jurisdiction pursuant to 28 U.S.C. sections 1331 and 1441(a).  Plaintiff's first cause of action for violation of the EFTA is based on SEIU-UHW's alleged failure to obtain Plaintiff's consent prior to debiting his bank account.  Plaintiff's second and third causes of action seek penalties and other relief relating to that primary claim, i.e., that SEIU-UHW charged Plaintiff's bank account without authorization and failed to effectively communicate with him about these charges.

12.     The Court has supplemental jurisdiction over those derivative claims because they form part of the same case or controversy that is the subject of Plaintiff's federal claim.  28 U.S.C. §§ 1367(a), 1441(a); see *City of Chicago v. Int'l Conference of Surgeons*, 522 U.S. 156, 156-159, 165 (1997) (District Court properly permitted removal and exercised supplemental jurisdiction over plaintiff's state law claims where both plaintiff's state and federal claims derived from "a common nucleus of operative fact").  All three of Plaintiff's causes of action arise out of the same set of facts — the allegedly improper charges that SEIU-UHW made to Plaintiff's bank account.

13.     Various federal courts have exercised supplemental jurisdiction where plaintiffs have brought EFTA claims and related state law claims.  See, e.g., *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 136, 143 (D. Mass. 2005) (federal question jurisdiction over EFTA claim and supplemental jurisdiction over related violations of Massachusetts Truth in Savings Law and Consumer Protection Act); *Vigneri v. US Bank Nat'l Ass'n*, 437 F. Supp. 2d 1063, 1067-

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

NOTICE OF REMOVAL
Case No. CaseNumber

68 n.2 (D. Neb. 2006) (federal question jurisdiction over EFTA claim and supplemental jurisdiction over state law conversion and Nebraska UCC claims).

14. Pursuant to the above, Plaintiff's second and third causes of action are derivative, the Court has jurisdiction over all claims in the Complaint, and SEIU-UHW has properly removed the State Court action.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

15. Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served upon Plaintiffs pursuant to 28 U.S.C. section 1446(d).

16. A copy of this Notice of Removal will be promptly filed with the clerk of the Superior Court of California, County of Fresno, pursuant to 28 U.S.C. section 1446(d).

17. No previous application has been made for the relief requested herein.

18. The prerequisites for removal under 28 U.S.C. section 1441 have been met. If any question arises as to the propriety of the removal of this action, SEIU-UHW respectfully requests an opportunity to present a written brief and oral argument in support of its position that this case is removable.

19. SEIU-UHW reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, SEIU-UHW hereby removes this action now pending in the Superior Court of the State of California, County of Fresno, Case No. 20CECG00176 to this Honorable Court, and request this Court to retain jurisdiction over the entire matter for all further proceedings.

Dated: March 13, 2020

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ BRUCE A. HARLAND
BRUCE A. HARLAND

Attorneys for Defendant,
SEIU, UNITED HEALTHCARE WORKERS-WEST

148949\1075151

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4
NOTICE OF REMOVAL
Case No. CaseNumber