# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

E-FILED
1/14/2020 6:03 PM
Superior Court of California
County of Fresno
By: A. Rodriguez, Deputy

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF FRESNO

| | |
|---|---|
| GREG PRICE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEIU UNITED HEALTHCARE WORKERS WEST and DOES 1-10,<br><br>Defendant(s). | Case No. **20CECG00176**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.]<br>2.  VIOLATIONS OF CALIFORNIA AUTO RENEWAL STATUTE CALIFORNIA BUS. & PROF. CODE §§ 17600, ET SEQ.<br>3.  VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GREG PRICE ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following against Defendant SEIU UNITED HEALTHCARE WORKERS WEST ("SEIU UHWW" or "Defendant"), upon information and belief based upon personal knowledge:

**INTRODUCTION**

1.      Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") and the California Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS").

2.      Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b). Additionally, Defendant failed to properly disclose the price changes, thereby violating Cal. Bus. & Prof. Code § 17600 *et. seq*. Any material change in the terms of the arrangement must be provided to the consumer in a clear and conspicuous notice, and the notice must inform the consumer how to cancel, yet Defendant's policy and practice was not to inform consumers of material price changes to its service in advance of charging their accounts.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3.      Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**JURISDICTION AND VENUE**

4.      This class action is brought pursuant to California Code of Civil Procedure ("CCP") section 382.  All claims in this matter arise exclusively under California law.

5.      This matter is properly venue in the Superior Court of Fresno County, in that Plaintiff was and employed at Defendant's office at 550 E. Shaw, Suite 215, Fresno, CA 93710.

Plaintiff resides in Fresno County, California and Defendant does business, inter alia, in Fresno County, California.

**PARTIES**

6.      Plaintiff, Greg Price ("Plaintiff"), is a natural person residing in Fresno County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a (6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

7.      At all relevant times herein, Defendant, SEIU UNITED HEALTHCARE WORKERS WEST ("SEIU UHWW" or "Defendant"), is a California statewide local union of the Service Employees International Union in California in the United States. Defendant is headquartered in Oakland, California and has offices statewide.

8.      The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS - EFTA**

10.     Plaintiff was employed at Defendant, SEIU UHWW's, Fresno office located at 550 E. Shaw, Suite 215, Fresno, CA 93710 from 2009 through 2018.

11.     During his employment with Defendant, Plaintiff registered his son and his

daughter as an associate members with SEIU UHWW.

12.     Plaintiff was billed twenty (20) dollars on a monthly basis for his son's and daughter's memberships.

13.     Plaintiff registered for the automatic withdrawals from his bank account, and Defendant used their Pledge Up platform so that it could withdraw union dues directly from Plaintiff's bank account.

14.     In or around September 2018, Plaintiff stopped his employment with Defendant, at that time, he canceled his son's membership, and asked Defendant to cease the automatic withdrawals from his account for his son's dues.

15.     Defendant initially complied with Plaintiff's request and no payment was taken out between September 2018 and March 2019.

16.     However, on or around April 15, 2019, Defendant resumed billing Plaintiff's account for "PLEDGEUP DUES & PAC" without providing explicit written notice to or obtaining written permission from Plaintiff.

17.     Defendant never provided advanced clear and conspicuous notice to Plaintiff of this auto-renewal.  Defendant failed to notify Plaintiff in any reasonable manner.  Defendant did not send Plaintiff any email, or other written correspondence, nor did Defendant attempt to call Plaintiff to inform him of its intent to renew the twenty (20) dollar auto withdrawal.

18.     As an example, on April 15, 2019, Defendant began auto-debiting Plaintiff's account for twenty (20) dollars for "PLEDGEUP DUES & PAC" twice.

19.     As a result, Defendant withdrew forty (40) dollars from Plaintiff's account, causing plaintiff to incur overdraft fees.

20.     Without obtaining authorization from Plaintiff to resume auto withdrawal, Defendant began deducting sums from Plaintiff's account.

21.     Plaintiff never provided Defendant with any authorization to deduct these sums of money from Plaintiff's banking account.

22.     Further, Defendants did not provide to Plaintiff, nor did Plaintiff execute, any

written or electronic writing memorializing or authorizing these automatic payments.

23.     Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

24.     Plaintiff alleges such activity to be in violation of California's Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS"), and its surrounding regulations.

25.     At all times relevant, Defendant made and continues to make automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute") to Plaintiff and other consumers similarly situated.

26.     At the time Plaintiff purchased the services, Defendant failed to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner, as defined by California's Automatic Purchase Renewal Statute, before the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to Defendant's request for consent to the offer.

27.     After Plaintiff canceled the services, Defendant automatically charged Plaintiff for the membership dues without obtaining Plaintiff's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

28.     Cal. Bus. & Prof. Code § 17602(c) requires that in the case of a material change in the terms of the automatic renewal or continuous service offer that has been accepted by a consumer in this state, the business shall provide the consumer with a clear and conspicuous notice of the material change and provide information regarding how to cancel in a manner that is capable of being retained by the consumer.  Defendant failed to provide clear and conspicuous notice of the material changes to its pricing model, or information regarding how to cancel services, prior to automatically charging Plaintiff's account.

29.     Defendant never provided Plaintiff with information regarding how to cancel in

a manner that was capable of being retained by Plaintiff.

30.     On information and belief, Plaintiff alleges that Defendant's policy and practice is to not notify its customers about such automatic withdrawals.

31.     At the time Plaintiff registered his son and daughter for Defendant's associate membership, Plaintiff was subjected to Defendant's unlawful policies and/or practices, as set forth herein, in violation of Cal. Bus. & Prof. Code § 17600, et seq.

32.     The material circumstances surrounding this experience by Plaintiff were the same, or nearly the same, as the other class members Plaintiff proposes to represent, and Plaintiff and all putative class members were required to pay, and did pay, money for the services marketed and sold by Defendant.

33.     Defendant's undisclosed renewal of membership charges, coupled with any authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent bait and switch scheme.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of two proposed classes (jointly "The Classes").  The first Class (hereafter "The EFTA Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

35.     The second Class (hereafter "the CAPRS Class") is defined as follows:

> All persons in California whose bank accounts were debited on a reoccurring and basis by Defendant without Defendant providing clear and conspicuous notice of the intent to initiate or renew the withdrawals, including information on how to cancel Defendant's services within the four years prior to the filing of this Complaint.

36.     Plaintiff represents, and is a member of The EFTA Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendant

without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

37. Plaintiff represents, and is a member of The CAPRS Class, consisting of all persons in California whose bank accounts were debited on a reoccurring basis by Defendant without Defendant providing clear and conspicuous notice of the increase, including information on how to cancel Defendant's services within the four years prior to the filing of this Complaint.

38. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believe the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

39. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

40. There are questions of law and fact common to the EFTA Class affecting the parties to be represented. The questions of law and fact to the EFTA Class predominate over questions which may affect individual EFTA Class members and include, but are not necessarily limited to, the following:

        a. The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

        b. Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic withdrawals.

        c. The members of the Class did not provide either a written ("wet") or

otherwise electronic signature authorizing the automatic or recurring electronic payments.

    d.  Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendant took unauthorized payments from Class members' accounts.

41.    There are questions of law and fact common to the CAPRS Class affecting the parties to be represented. The questions of law and fact to the CAPRS Class predominate over questions which may affect individual CAPRS Class members and include, but are not necessarily limited to, the following:

    a.  Whether despite not providing written or electronic authorization for payments to be charged to their credit cards, Defendant took unauthorized payments from Class members' cards.

    b.  Whether the changes to Defendant's pricing model, discussed herein, are "material" changes to any auto-renewal agreement between Defendant and consumers;

    c.  Whether Defendant failed to provide clear and conspicuous notice to Plaintiff and Class Members of its intent to renew withdrawals before automatically deducting funds from their accounts; and

    d.  Whether Defendant failed to provide information to Plaintiff and Class Members regarding how to cancel in a manner that is capable of being retained by the consumer.

42.    As someone whose bank account was debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers and without being provided clear and conspicuous notice of the charges, Plaintiff is asserting claims that are typical of The Classes.

43.    Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

44.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

45.     The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

46.     Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I:
### VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
### ON BEHALF OF THE EFTA CLASS

47.     Plaintiff reincorporates by reference all of the preceding paragraphs.

48.     Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

49.     Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

50.   Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.   The person that obtains the authorization shall provide a copy to the consumer."

51.   Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

52.   In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers for the increased rates charged from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

53.   In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

**COUNT II:**
**VIOLATION OF THE CALIFORNIA AUTOMATIC PURCHASE RENEWAL STATUTE**
**INDIVDUALLY AND ON BEHALF OF THE CAPRS CLASS**

54.   Plaintiff incorporates by reference each allegation set forth above.

55.   In or about 2019, as set forth above, Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by

Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute"), to California consumers and the general public.

56.     Plaintiff and members of the CAPRS Class have suffered an "injury in fact" and have lost money and/or property as a result of Defendant's: (a) failure to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the services or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer; (b) charges to the consumer's credit or debit card or the consumer's account for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms; (c) failure to clearly and conspicuously give notice of a material change in the terms of the automatic renewal or continuous service offer; and (d) failure to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and where Defendant also fails to disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services, in violation of Cal. Bus. & Prof. Code § 17600, et seq.

57.     As a direct and proximate result of Defendant's aforementioned conduct and representations, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers.

58.     As a direct and proximate result of Defendant's violations of Cal. Bus. & Prof. Code § 17600, et seq., Plaintiff and members of the class are entitled to a declaration that Defendant violated the California Automatic Purchase Renewal Statute.

59.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

**COUNT III:**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**
**INDIVIDUALLY AND ON BEHALF OF THE CAPRS CLASS**

60.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

62.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

63.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

64.     Here, Defendant's conduct has caused and continues to cause substantial injury

to Plaintiff and members of the CAPRS Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's material and undisclosed renewal of the automatic withdrawal. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the CAPRS Class.

65.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant converted large sums of money from Plaintiff and CAPRS Class members without written authorization or advance notice. This systematic scheme is tantamount to theft. Thus, the injury suffered by Plaintiff and the members of the CAPRS Class is not outweighed by any countervailing benefits to consumers.

66.     Finally, the injury suffered by Plaintiff and members of the CAPRS Class is not an injury that these consumers could reasonably have avoided. Defendant misappropriated funds from Plaintiff and other consumers, and these consumers suffered injury in fact due to Defendant's undisclosed and unexpected account withdrawals. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the CAPRS Class members. Therefore, the injury suffered by Plaintiff and members of the CAPRS Class is not an injury which these consumers could reasonably have avoided.

67.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

68.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

69.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

70.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Defendant had a duty to disclose material changes to its automatic renewal agreements, and notify Plaintiff and Class member of the automatic withdrawal of funds from their account, failed to do so, and misappropriated significant sums of money from Plaintiff and CAPRS Class members, who reasonably relied on Defendant's prior representations, causing considerable actual damages.

71.     Plaintiff's reliance is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

72.     Defendant's undisclosed automatic membership fee withdrawals, coupled with any authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent bait and switch scheme.

73.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

74.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

75.     As explained above, Defendant deceived Plaintiff and other Class Members by deducting unauthorized sums from their accounts without advanced clear and conspicuous notice of such charges.

76.     Defendant's acts, as pled herein, are an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq. for violating EFTA.

77.     Defendant's conduct caused and continues to cause economic harm to Plaintiff and CAPRS Class Members.

### TRIAL BY JURY

78. Plaintiff requests a trial by jury as to all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, GREG PRICE, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, for the following:

a.  That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representative of The Classes;

b.  Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

c.  Actual damages;

d.  Restitution of the funds improperly obtained by Defendant;

e.  Any and all statutory enhanced damages;

f.  All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

g.  For equitable and injunctive and pursuant to California Business and Professions Code § 17203;

h.  For prejudgment interest at the legal rate; and

i.  Any other relief this Honorable Court deems appropriate.


Respectfully submitted this 14th Day of January, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  _____
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff