Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GREG PRICE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SEIU UNITED HEALTHCARE WORKERS WEST and DOES 1-10, <br><br> Defendant(s). | Case No. 1:20-CV-00385-AWI-SKO <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.] <br> 2. VIOLATIONS OF CALIFORNIA AUTO RENEWAL STATUTE CALIFORNIA BUS. & PROF. CODE §§ 17600, ET SEQ. <br> 3. VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, ET. SEQ <br><br> **DEMAND FOR JURY TRIAL** |

**FIRST AMENDED CLASS ACTION COMPLAINT**
-1-

Plaintiff GREG PRICE ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following against Defendant SEIU UNITED HEALTHCARE WORKERS WEST ("SEIU UHWW" or "Defendant"), upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") and the California Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants by debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b). Additionally, Defendant by continuing to charge Plaintiff's and the Class's credit and debit cards without consent after they revoked any consent for such transactions, Defendant violated Cal. Bus. & Prof. Code § 17600 *et. seq*. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et. seq.*

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which

**FIRST AMENDED CLASS ACTION COMPLAINT**
-2-

states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff, Greg Price ("Plaintiff"), is a natural person residing in Fresno County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a (6) and a "person" as defined by Cal. Bus. & Prof. Code § 17201.

7. At all relevant times herein, Defendant, SEIU UNITED HEALTHCARE WORKERS WEST ("SEIU UHWW" or "Defendant"), is a California statewide local union of the Service Employees International Union in California in the United States. Defendant is headquartered in Oakland, California and has offices statewide.

8. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS - EFTA

10. Plaintiff was employed by Defendant, SEIU UHWW's, at the Fresno office located at 550 E. Shaw, Suite 215, Fresno, CA 93710 from 2009 through 2018.

11. During his employment with Defendant, Plaintiff was encouraged by Defendant to sign-up individuals associate members who paid a recurring monthly subscription fee.

12. Accordingly, Plaintiff registered his son and his 14 year-old daughter as associate members with SEIU UHWW.

13. Plaintiff was billed twenty (20) dollars on a monthly basis for each of his son's and daughter's memberships from his bank account.

14. Plaintiff registered for the automatic withdrawals from his bank account, and Defendant used their Pledge Up platform so that it could withdraw union dues directly from Plaintiff's bank account.

15. In or around September 2018, Plaintiff ended his employment with Defendant. At that time, he requested Defendant cancel all of his memberships and automatic withdrawals, including his son's and daughter's subscriptions.

16. Defendant initially complied with Plaintiff's request and no payment was taken out between September 2018 and March 2019.

17. However, on or around April 15, 2019, Defendant resumed making recurring electronic fund transfers from Plaintiff's account for "PLEDGEUP DUES & PAC" without providing explicit written notice to or obtaining written permission from Plaintiff.

18. Defendant's practice and policy was to contact the bank account

**FIRST AMENDED CLASS ACTION COMPLAINT**
-4-

holder for any membership withdrawals, not the membership holder.

19. Despite this, Defendant never provided advanced clear and conspicuous notice to Plaintiff of this auto-renewal. Defendant failed to notify Plaintiff in any reasonable manner. Defendant did not send Plaintiff any email, or other written correspondence, nor did Defendant attempt to call Plaintiff to inform him of its intent to renew the two twenty (20) dollar recurring electronic fund transfers.

20. On April 15, 2019, Defendant began auto-debiting Plaintiff's account twice for twenty (20) dollars for "PLEDGEUP DUES & PAC," totaling forty (40) dollars, for both his son's and daughter's long cancelled subscriptions.

21. As a result, Defendant withdrew forty (40) dollars from Plaintiff's account, causing Plaintiff to incur significant overdraft fees.

22. Without obtaining authorization from Plaintiff to resume auto withdrawal, Defendant began deducting sums from Plaintiff's account for the subscriptions.

23. Plaintiff never provided Defendant with any authorization or affirmative consent to deduct these sums of money from Plaintiff's banking account.

24. Further, Defendants did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these automatic payments.

25. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

26. Plaintiff alleges such activity to be in violation of California's Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code § 17600, et seq. ("CAPRS"), and its surrounding regulations.

27. At all times relevant, Defendant made and continues to make automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute") to Plaintiff and other consumers similarly situated.

28. After Plaintiff canceled his subscriptions, Defendant automatically charged Plaintiff for the membership dues without obtaining Plaintiff's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

29. On information and belief, Plaintiff alleges that Defendant's policy and practice is to not notify its customers about such automatic withdrawals.

30. At the time Plaintiff registered his son and daughter for Defendant's associate membership, Plaintiff was subjected to Defendant's unlawful policies and/or practices, as set forth herein, in violation of Cal. Bus. & Prof. Code § 17600, et seq.

31. The material circumstances surrounding this experience by Plaintiff were the same, or nearly the same, as the other class members Plaintiff proposes to represent, and Plaintiff and all putative class members were required to pay, and did pay, money for the services marketed and sold by Defendant.

32. Defendant's undisclosed renewal of membership charges, coupled with any authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent scheme.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of two proposed classes (jointly "The Classes"). The first Class (hereafter "The EFTA Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant

without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

34. The second Class (hereafter "the CAPRS Class") is defined as follows:

All persons in California whose debit or credit cards were charged on a reoccurring and basis by Defendant without Defendant obtaining affirmative consent to the automatic withdrawals within the four years prior to the filing of this Complaint.

35. Plaintiff represents, and is a member of The EFTA Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

36. Plaintiff represents, and is a member of The CAPRS Class, consisting of all persons in California whose debit or credit cards were charged on a reoccurring basis by Defendant without Defendant obtaining affirmative consent to the automatic withdrawals within the four years prior to the filing of this Complaint.

37. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believe the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

38. The Classes are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that

The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

39. There are questions of law and fact common to the EFTA Class affecting the parties to be represented. The questions of law and fact to the EFTA Class predominate over questions which may affect individual EFTA Class members and include, but are not necessarily limited to, the following:

 a. The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

 b. Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic withdrawals.

 c. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

 d. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendant took unauthorized payments from Class members' accounts.

40. There are questions of law and fact common to the CAPRS Class affecting the parties to be represented. The questions of law and fact to the CAPRS Class predominate over questions which may affect individual CAPRS Class members and include, but are not necessarily limited to, the following:

 a. Whether despite not providing written or electronic authorization for payments to be charged to their debit or credit cards, Defendant took unauthorized payments from Class members' cards;

 b. Whether Defendant failed to obtain CAPRS Class Members' affirmative consent to the agreements to be charged.

41. As someone whose bank account was debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers and without having given affirmative consent to the charges, Plaintiff is asserting claims that are typical of The Classes.

42. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

43. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

44. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

45. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

# COUNT I:
# VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
## ON BEHALF OF THE EFTA CLASS

46. Plaintiff reincorporates by reference all of the preceding paragraphs.

47. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

48. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

49. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

50. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

51. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts after they had canceled their agreement to the withdrawals, thereby violating Section

907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

52. In multiple instances, Defendants have debited Plaintiff's and also the putative EFTA Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## COUNT II:
## VIOLATION OF THE CALIFORNIA AUTOMATIC PURCHASE RENEWAL STATUTE
## INDIVDUALLY AND ON BEHALF OF THE CAPRS CLASS

53. Plaintiff incorporates by reference each allegation set forth above.

54. In or about 2019, as set forth above, Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute"), to California consumers and the general public.

55. Plaintiff and members of the CAPRS Class have suffered an "injury in fact" and have lost money and/or property as a result of Defendant charging to the consumer's credit or debit card or the consumer's account for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code § 17602(a)(2).

56. As a direct and proximate result of Defendant's aforementioned conduct and representations, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers.

57. As a direct and proximate result of Defendant's violations of Cal. Bus. & Prof. Code § 17600, et seq., Plaintiff and members of the class are entitled to a declaration that Defendant violated the California Automatic Purchase Renewal Statute.

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III:
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200
## INDIVIDUALLY AND ON BEHALF OF THE CLASSES

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

61. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical,

oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

62. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

63. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Classes. Plaintiff and members of the Classes have suffered injury in fact due to Defendant's withdrawal via recurring electronic fund transfers without obtaining Plaintiff and the Classes affirmative consent or authorization. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Classes.

64. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant converted large sums of money from Plaintiff and Classes members without written authorization or notice. This systematic scheme is tantamount to theft. Thus, the injury suffered by Plaintiff and the members of the Classes is not outweighed by any countervailing benefits to consumers.

65. Finally, the injury suffered by Plaintiff and members of the Classes is not an injury that these consumers could reasonably have avoided. Defendant misappropriated funds from Plaintiff and other consumers, and these consumers suffered injury in fact due to Defendant's undisclosed and unexpected recurring account withdrawals. As such, Defendant took advantage of Defendant's position

of perceived power in order to deceive Plaintiff and the Classes members. Therefore, the injury suffered by Plaintiff and members of the Classes is not an injury which these consumers could reasonably have avoided.

66. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

67. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

68. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

69. Here, not only were Plaintiff and the Classes members likely to be deceived by Defendant, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant had a duty to obtain affirmative consent and authorization from Plaintiff and Classes members of the automatic recurring withdrawal of funds from their accounts following Plaintiff and Classes members requests to terminate the recurring electronic fund transfers, but instead Defendant continued to misappropriate significant sums of money from Plaintiff and Classes members, who reasonably relied on Defendant's prior representations, causing considerable actual damages. By failing to inform Plaintiff and Classes members that it would continue to make recurring electronic transfers following their removal of authority for such transfers, Defendant defrauded Plaintiff and Classes members.

70. Plaintiff's reliance is reasonable due to the unequal bargaining powers

of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

71. Defendant's undisclosed automatic subscription fee withdrawals, coupled with the lack of authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent bait and switch scheme.

72. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

73. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

74. As explained above, Defendant violated California's Automatic Purchase Renewal Statute and the Electronic Funds Transfer Act.

75. Defendant's acts, as pled herein, are an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq. for violating EFTA and California's Automatic Purchase Renewal Statute.

76. Defendant's conduct caused and continues to cause economic harm to Plaintiff and Classes Members.

### TRIAL BY JURY

77. Plaintiff requests a trial by jury as to all claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GREG PRICE, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, for the following:

    a. That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representative of The Classes;

b. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

c. Actual damages;

d. Restitution of the funds improperly obtained by Defendant;

e. Any and all statutory enhanced damages;

f. All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

g. For equitable and injunctive and pursuant to California Business and Professions Code § 17203;

h. For prejudgment interest at the legal rate; and

i. Any other relief this Honorable Court deems appropriate.

Respectfully submitted this 20th Day of April, 2020.

               LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: _____
     Todd M. Friedman
     Law Offices of Todd M. Friedman
     Attorney for Plaintiff

**FIRST AMENDED CLASS ACTION COMPLAINT**
-16-

Filed electronically on this 20th Day of April, 2020, with:

United States District Court CM/ECF system.

Notification sent electronically on this 20th Day of April, 2020, to:

Honorable Anthony W. Ishii
United States District Court
Eastern District of California

And All Counsel of Record as Recorded On The Electronic Service List


<u>/s/ Todd M. Friedman, Esq.</u>
TODD M. FRIEDMAN